# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 09-40068-GPM |
| PAUL R. BRADLEY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on five ex parte motions for issuance of subpoenas duces tecum brought by Defendant Paul R. Bradley (Docs. 45-49). Defendant, who has been convicted of traveling in interstate commerce to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and is awaiting resentencing, requests subpoenas duces tecum directed to non-parties for the purpose of obtaining schooling, juvenile court, and mental health records pertaining to the victim in this case. For the following reasons, the motions are denied.

### II. ANALYSIS

The parties to a federal criminal case are entitled to limited reciprocal discovery. *See* FED. R. CRIM. P. 16; FED. R. CRIM. P. 26.2. Federal Rule of Criminal Procedure 17(c) governs issuance of subpoenas duces tecum in such cases and provides:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be

offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

FED. R. CRIM. P. 17(c). The Supreme Court of the United States has instructed that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the defendant." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Id*.

In *United States v. Nixon*, 418 U.S. 683 (1974), the Court set out a four-part test to guide trial courts in the issuance of subpoenas duces tecum in criminal cases pursuant to Rule 17(c). In order to require production before trial, a movant must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend

unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id*. at 699-700 (footnote omitted); *see also United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) ("[T]he documents must be essential to prepare for trial."). Thus, the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. In other words, Rule 17(c) only allows for the production of documents that "a defendant knows to contain relevant evidence to an admissible issue at trial," and criminal defendants cannot use Rule 17(c) "to blindly comb through government records in a futile effort to find a defense to a criminal charge." *Tokash*, 282 F.3d at 971, *citing Nixon*, 418 U.S. at 700. The decision to grant or deny a Rule 17(c) subpoena duces tecum is committed to a court's discretion. *See Nixon*, 418 U.S. at 702; *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992), *citing United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).

Because the instant motions were filed ex parte, Plaintiff United States of America has not weighed in on the merits of the motions. This does not excuse the Court from its responsibility to ensure that the *Nixon* test is satisfied in this case. The Court "has an interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties." *United States v. Beckford*, 964 F. Supp. 1010, 1025 (E.D. Va. 1997), *quoting United States v. Ferguson*, 37 F.R.D. 6, 8 (D.D.C. 1965). It is the duty of a trial court "to ensure that a 'subpoena is good in its entirety and it is not upon the person who faces punishment to cull the good from the bad.'" *United States v. Caputo*, 373 F. Supp. 2d 789, 794 (N.D. Ill. 2005), quoting *Bowman*, 341 U.S. at 221; *see also United States v. Modi*, No. 1L01CR00050, 2002 WL 188327, at *2 (W.D. Va. Feb. 6, 2002) ("Regardless of whether the government objects, the court is required to examine the subpoenas for compliance with the test set forth in *Nixon*.").

More importantly, the victim has not been given notice of these motions and, therefore, has not had an opportunity to move to quash or modify the subpoenas or otherwise object. Defendant contends that "exceptional circumstances" exist, obviating the requirement that notice be given to the victim. This Court disagrees and declines to issue the subpoeanas.

Defendant has failed to meet his burden under *Nixon*. These subpoenas are not sought in preparation for trial; rather, they are sought for resentencing. The requested records relating to the victim are irrelevant to the stipulated fact that Defendant flew from Oregon to Illinois for the purpose of sodomizing a 15-year-old boy, which he accomplished (*see* Doc. 4). Rule 17(c)(3) was amended in 2008 to implement the Crime Victims' Rights Act and to provide a protective mechanism when the defense subpoenas third parties to provide personal or confidential information about a victim. *See* FED. R. CRIM. P. 17, Advisory Committee Notes, 2008 Amendments. Defendant's request for such irrelevant materials is a blatant violation of the victim's right to be treated with respect for his dignity and privacy. *See* 18 U.S.C. § 3771(a)(8).

The Court notes as a final matter that it does not share Defendant's view that Rule 17(c) authorizes ex parte applications for subpoenas duces tecum. The United States Court of Appeals for the Seventh Circuit has not addressed this issue, but a number of federal trial courts have addressed it and the Court finds their opinions persuasive in this instance. First, Rule 17(c) is wholly silent regarding ex parte application for a subpoena duces tecum, although subsection (b) of Rule 17 contains an explicit authorization of an ex parte application for a subpoena to procure the presence of a witness at trial by an indigent criminal defendant. As a sister federal court observed, Rule 17(c) "cannot be used as a substitute for discovery as permitted by [Rule] 16. A motion under [Rule] 17(c) may not be made *ex parte*, at least if made to seek production prior to trial. It may be

made *ex parte* in connection with witnesses being called to testify at trial, this being in the 'spirit' of [Rule] 17(b) which provision talks specifically about '*ex parte*' motions." *United States v. Peterson*, 196 F.R.D. 361, 361 (D.S.D. 2000). Given that "other subparagraphs of Rule 17 implicitly allow for, or expressly permit, an *ex parte* application for testimonial Subpoenas," it is "[o]bvious[] [that] when such a procedure was intended, the framers of the Rule have clearly made their intentions known. No similar intent is so much as intimated in the language of Rule 17(c)." *United States v. Najarian*, 164 F.R.D. 484, 488 n.2 (D. Minn. 1995).

Second, "the mechanism for obtaining documents" set forth in Rule 17(c) "negates any assumption that production should be on an *ex parte* basis …. Where a defendant seeks the production of documents prior to trial, the court may permit these documents … to be inspected by the parties and their attorneys." *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993). "There can be no right to an *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial." *Id*.

Third, "[t]he explicit provision of a motion to quash or modify [a subpoena] in Rule 17(c), and the 'innovat[ive],' … provision for pretrial production under supervision of the court and upon terms which permit … inspect[ion] by the parties and their attorneys, … clearly suggests, if not compels, a conclusion that litigation concerning issuance of and compliance with subpoenas duces tecum be conducted upon notice, and not in secret." *United States v. Urlacher*, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991) (quoting *Bowman*, 341 U.S. at 220). In view of the language and structure of Rule 17, the Court is of the opinion that, when the rule "is utilized for the disclosure of evidentiary materials in advance of Trial, the application should be reviewable by the other parties to that proceeding." *United States v. Finn*, 919 F. Supp. 1305, 1330 (D. Minn. 1995).

The Court observes that this appears to be the "majority" view among the federal trial courts that have addressed the matter of ex parte applications for a Rule 17(c) subpoena. *United States v. Stewart*, No. CRIM.A. 96-583, 1997 WL 103700, at *1 (E.D. Pa. Mar. 4, 1997) (collecting cases).

Lastly, the Advisory Committee Notes relating to the 2008 Amendments of Rule 17(c)(3) state: "The Committee leaves to the judgment of the court a determination as to whether the judge will permit the question whether such exceptional circumstances exist to be decided ex parte and authorize service of the third-party subpoena without notice to anyone." FED. R. CRIM. P. 17, Advisory Committee Notes, 2008 Amendments. The records sought by Defendant are not relevant to the issues before the Court on resentencing. Obviously, there can be no exceptional circumstances to warrant granting Defendant's request that the subpoenas be issued ex parte. Because no exceptional circumstances exist, the Court declines to issue this Order ex parte.[1]

### III. CONCLUSION

Defendant's ex parte motions for Rule 17(c) subpoenas duces tecum (Docs. 45-49) are **DENIED**. This matter remains set for resentencing on March 28, 2011, in the East St. Louis Courthouse.

**IT IS SO ORDERED.**

DATED: 03/23/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] Because Defendant's motions contain sensitive and identifying information relating to the victim in this case, the Court will not unseal the motions.